UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF VICKERS HOLDING & FINANCE INC. FOR AN ORDER TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING | Case No. 17-mc-80028-LB<br><br>**ORDER GRANTING PETITIONER'S APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN LEGAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

### INTRODUCTION

Vickers Holding filed an *ex parte* application under 28 U.S.C. § 1782 to take discovery for its pending lawsuit in the Netherlands against the defendants there, Jossiv Kim and Angelina Kim, who allegedly defrauded Vickers of 2 million euros.[1] Section 1782 allows a district court to order a person residing or found within its district to produce documents or provide testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. The court grants the application.

### STATEMENT

Vickers' lawsuit in the Netherlands seeks recovery of approximately 2 million euros that

---

[1] Application – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER — No. 17-mc-80028-LB

Vickers lent Mr. Kim for a joint venture; the claim is that Mr. Kim diverted the money for personal use, including use by family members such as his wife, Angelina Kim.[2] The evidence reveals that Ms. Kim has a Wells Fargo bank account.[3] Mr. Kim founded two companies in California, one called AHK & West Appliances, and one called US DUO Design, Inc.; the allegation is that both have Wells Fargo accounts, too, and that stolen money may have been transferred to them.[4]

Vickers' counsel in the Netherlands is B.G. Baljet.[5] He describes entities affiliated with the defendants, coconspirators who diverted and transferred the proceeds, and family members and others who may have received money.[6] These are the persons and entities listed in the proposed subpoena, which seeks wire transfers and other information relating to account deposits and withdrawals within specified time periods relevant to the diversion of the funds.[7]

## GOVERNING LAW

28 U.S.C. § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

A litigant in a foreign action qualifies as an "interested person" under § 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004). In order to apply for discovery pursuant to § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending,

---

[2] Baljet Decl. – ECF No. 2-1, ¶¶ 14, 21, 25–32.
[3] *Id.* ¶ 38.
[4] *Id.* ¶¶ 19–20, 38.
[5] *Id.* ¶ 1.
[6] *Id.* ¶¶ 8–19
[7] Subpoena – ECF No. 1-2.

or even imminent. *Id*. at 258–59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation." *Id*. at 259 (holding that discovery was proper under § 1782 even though the applicant's complaint against the opposing party was only in the investigative stage). An *ex parte* application is an acceptable method for seeking discovery pursuant to § 1782. *See In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due-process rights by moving to quash the subpoenas).

A district court has wide discretion to grant or deny discovery under § 1782. *Intel*, 542 U.S. at 260–61. In exercising its discretion, a district court should consider the following factors: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id*. at 264–65.

A district court's discretion is to be exercised in view of the twin aims of § 1782: "providing efficient means of assistance to participants in international litigation . . . and encouraging foreign countries by example to provide similar means of assistance to our courts." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 84 (2004). There is no requirement that the party seeking discovery establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261–63.

# ANALYSIS

The court grants the discovery.

## 1. Statutory Requirements

The application satisfies the statutory requirements of § 1782. Wells Fargo is in the Northern District of California; the discovery sought is "for use" in the Netherlands lawsuit; and Vickers is an "interested person" in those proceedings.

## 2. Intel Factors

The discretionary *Intel* factors also support granting the application.

### 2.1 First *Intel* Factor: Participant in a Foreign Proceeding.

The first *Intel* factor asks whether the "person from whom discovery sought is a participant in the foreign proceeding." 542 U.S. at 264. If the person is a participant, "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad" because "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Id.* "In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, unavailable in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Wells Fargo is not a participant. This factor weighs in favor of granting the application.

### 2.2 Second *Intel* Factor: The Foreign Proceedings

The second *Intel* factor requires the court to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." 542 U.S. at 264.

In *Intel*, the Court "question[ed] whether foreign governments would be offended by a domestic prescription permitting, but not requiring, judicial assistance." *Id.* at 243–44.

> A foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices, culture, or traditions; such reasons do not necessarily signal objection to aid from United States federal courts. A foreign tribunal's reluctance to order production of materials present in the United States similarly may signal no resistance to the receipt of evidence gathered pursuant to § 1782(a).

*Id.* at 244.

There is no information that the Netherlands court would reject information obtained through § 1782 discovery; in this situation, courts "err on the side of permitting discovery." *See In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016).

**2.3   Third *Intel* Factor: Evasion of Foreign Proof-Gathering Restrictions**

The third *Intel* factor considers whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." 542 U.S. at 264–65. There is no evidence of this on this record.

**2.4   Fourth *Intel* Factor: The Discovery Is Not Unduly Burdensome**

The fourth *Intel* factor is whether the request is "unduly intrusive or burdensome." 542 U.S. at 265. At least conceptually, it is not, because it is direct evidence of diversion of funds that are the subject of the Netherlands case. After Vickers serves the discovery, it must confer with Wells Fargo's counsel to address burden issues and must comply with the procedures for resolving discovery disputes in the undersigned's standing order, which is attached.

## CONCLUSION

The court grants the application for discovery. Vickers may serve the subpoena with a return date of 30 days from the date of service.

**IT IS SO ORDERED.**

Dated: March 14, 2017

_____
LAUREL BEELER
United States Magistrate Judge